## Bartol v. Rinek Cordage Company, Inc.

*Paul R. Anapol,* for plaintiff.

*William B. Koch, Gilbert P. High, Jr.,* and *Arthur R. Tilson,* for defendants.

TREDINNICK, *J.,* January 21, 1976.—Defendant has filed a motion for an order under Pa.R.C.P. 4009

directing plaintiff to produce and permit inspection and testing of a rope in her possession and to permit a sample to be removed for the use of defendant for such inspection and testing.

The case arises out of a fatal accident which occurred when plaintiff's decedent was working on the side of a building in a "boatswain's chair" when a rope parted, and plaintiff's decedent fell to his death. The item defendant wishes to inspect is the rope which parted. A previous inspection has taken place; however, defendant contends that it was inadequate, since it was conducted in plaintiff s attorney's office, where full testing was impossible.

Plaintiff contends that defendant is "shopping for experts," and plaintiff is understandably reluctant to allow this crucial evidence out of her attorney's possession.

Obviously, the rope in question, once a single line, is now in two pieces. The condition of the rope, in general, and of the particular area where it parted, is clearly very germane to the factual issues which will be presented at trial. We believe that, in fairness, defendant should be permitted fully to examine and test the rope. We are equally satisfied that the prior inspection was insufficient to accomplish this. It is likely that a careful inspection and testing of one of the two pieces will be sufficient. Therefore, we will direct plaintiff to release one of the two pieces of rope to defendant for a period of three weeks, and permit defendant to remove a sample of the rope for testing, it being our opinion that even if a portion thereof is thereby destroyed, the remaining half will sufficiently demonstrate the condition thereof at trial.

Should any further discovery be deemed necessary by defendant, a further petition may be

filed. Such petition, if filed, should very carefully delineate why further inspection is deemed necessary.

## ORDER

And now, January 21, 1976, plaintiff is directed to release to defendant one of the two pieces of the rope which parted on August 19, 1974, thus precipitating decedent's fall, for a period of three weeks, during which defendant shall inspect and test said rope, including the removal of a sample thereof for said purposes.